UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LEONARD E. WEATHER,

                              Plaintiff,

    v.                                                      6:19-CV-1485 (GLS/ATB)

LAURIE LISI, et al.,

                              Defendants.

---

LEONARD E. WEATHER, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Plaintiff filed a complaint in this action on December 3, 2019. (Dkt. No. 1). The following day, Senior United States District Judge Gary L. Sharpe ordered administrative closing of the action, because plaintiff failed to pay the filing fee or submit a proper application to proceed in forma pauperis ("IFP"). (Dkt. No. 2). In that order, Judge Sharpe afforded plaintiff thirty (30) days to either pay the filing fee or submit a properly completed IFP application. On January 13, 2020, plaintiff filed a motion for leave to proceed IFP, and the case was reopened and sent to me for initial review. (Dkt. Nos. 3, 4).

**I.     IFP Application**

As to plaintiff's IFP application, the court finds that plaintiff has demonstrated sufficient economic need, and he has filed the appropriate forms. Therefore, plaintiff has met the financial criteria for proceeding IFP.

However, in addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth

in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*,

550 U.S. at 555).

## II. Complaint

### A. Procedural Background

This complaint is the second action that plaintiff has filed regarding the same underlying facts and circumstances. In October 2018, plaintiff filed *Weather v. Palmieri Jr, et. al.*, 6:19-CV-400(GTS/ATB). In that case, plaintiff initially brought an action against Utica Mayor Robert Palmieri, Jr.; Oneida County Executive Anthony J. Picente, Jr.; and St. Elizabeth Medical Center. On initial review of 19-CV-400, I construed the complaint as alleging 42 U.S.C. § 1983 claims against the defendants for unreasonable search and seizure in violation of the Fourth Amendment; false imprisonment; violations of plaintiff's Due Process and Equal Protection rights; and deliberate indifference to serious medical needs. *Weather v. Palmieri,* No. 6:19-CV-400 (GTS/ATB), 2019 WL 3361247 (N.D.N.Y. Apr. 16, 2019).

After a thorough discussion of the facts, I determined that plaintiff's claims arose in connection with an alleged search of plaintiff's apartment on October 20, 2016, followed by a subsequent interrogation of plaintiff at the Utica Police Department. 2019 WL 3361247 at *2. I reviewed the claims and recommended dismissing the complaint against all the defendants, without prejudice, for failure to state a claim. The basis for my recommendation was plaintiff's failure to allege the personal involvement of any named defendants, in addition to plaintiff's failure to properly allege a custom or policy sufficient to state a claim of municipal liability.

Chief District Court Judge Glenn T. Suddaby adopted my Recommendation over

plaintiff's objections, instructing plaintiff that any subsequent failure to submit an amended pleading that cured the defects identified in my Recommendation would result in dismissal with prejudice. (Dkt. No. 9 in 19-CV-400). Plaintiff filed a proposed "corrected second amended complaint"[1] ("SAC2") on August 5, 2019. (Dkt. No. 15 in 19-CV-400). I conducted an initial review of the SAC2, but found that plaintiff did not cure the defects in the original complaint, as he had still failed to allege facts stating a claim for municipal liability sufficient to withstand initial review. (Dkt. No. 16 in 19-CV-400). Moreover, plaintiff failed to identify any particular officer or officers who were responsible for the alleged constitutional violations. (*Id.*). Plaintiff filed objections to my Recommendation (Dkt. No. 17 in 19-CV-400), however on October 22, 2019, Judge Suddaby adopted my Order and Report-Recommendation in its entirety, dismissing the plaintiff's SAC2 **with prejudice**. (Dkt. No. 18 in 19-CV-400). Judgement was subsequently entered, and plaintiff's action was administratively closed.

### B.   The Current Complaint

A little over one month later, plaintiff filed this action alleging the same claims of false arrest, false imprisonment, "unreasonable" search and seizure, and abuse of process stemming from the October 20, 2016 incident. As in the prior action, plaintiff alleges that between 3:00 a.m. and 5:30 a.m., a group of law enforcement officials from the Utica Police Department, Oneida Sheriff's Department, and other agencies, "raided"

---

[1] Plaintiff prematurely filed an amended complaint on May 23, 2019, prior to Judge Suddaby issuing an order adopting my Recommendation. (Dkt. No. 12 in 19-CV-400). Plaintiff subsequently filed a second amended complaint on August 2, 2019, however this pleading was missing a page upon filing. (Dkt. No. 14 in 19-CV-400). Plaintiff filed a corrected second amended complaint on August 5, 2019, which I accepted for review.

his apartment without probable cause or a warrant. (Complaint ("Compl.") ¶ 9). Plaintiff was "forcefully" removed from his apartment, searched at gunpoint, and forced to stand in the "frigid cold" while officers searched his home. (*Id*.).

Plaintiff alleges that after the search, he was placed in a police vehicle and transported to the Utica Police Department. (*Id*. at ¶ 10). There, Detective Rizvonavic, a homicide detective with the City of Utica, met plaintiff and advised him that he was being brought in for questioning at the request of Laurie Lisi, Assistant District Attorney ("ADA") for Oneida County. (*Id*.). Detective Rizvonavic told plaintiff that ADA Lisi had prior knowledge of the search to be conducted in his apartment. (*Id*.).

Plaintiff alleges that despite the absence of an arrest warrant, Detective Rizvonavic prohibited plaintiff from leaving the police station. (*Id*. at ¶ 11). Detective Rizvonavic also told plaintiff that he did not need an attorney. (*Id*.). He proceeded to question plaintiff about a "12½ year old homicide." (*Id.*). Detective Rizvonavic advised plaintiff that the interrogation was being conducted at the direction of ADA Lisi. (*Id*. at ¶ 12). Plaintiff reiterates that he was not allowed to leave during the 3½ hour interrogation. (*Id*. at ¶¶ 12, 17).

In an apparent attempt to remedy the deficits noted in his prior lawsuit, plaintiff has named the City of Utica and Oneida County as defendants in the present action, and (arguably) identifies an alleged policy of abuse attributable to each municipality. (*Id.* at ¶¶ 15-16). Moreover, plaintiff has named Detective Rizvonavic and ADA Lisi as individual defendants. (*See id.*).

## III.   Discussion

### A.   The City of Utica and Oneida County - *Res Judicata*

The municipal claims plaintiff seeks to raise in his present complaint are barred by the doctrine of *res judicata*. "The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000) (internal quotation marks and citation omitted). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.,* 898 F.3d 232, 237 (2d Cir. 2018).

The elements of claim preclusion are satisfied here as to defendants the City of Utica and Oneida County.  First, as previously discussed, plaintiff already filed a complaint in this Court challenging the events that transpired in his home and at the Utica Police Department on October 20, 2016.  That action was adjudicated on the merits, because a "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

Moreover, in 19-CV-400, plaintiff improperly named as defendants the Utica Police Department and Oneida County Sherriffs, among others.  Notwithstanding

plaintiff's failure to identify the proper municipal defendants, and in an exercise of caution considering plaintiff's *pro se* status, this court nevertheless analyzed his former causes of action assuming the City of Utica and Oneida County had been properly named. *See Weather v. Palmieri, Jr.*, 2019 WL 3361247 at *3-4; *see also* Dkt. No. 16 in 19-CV-400. However, the causes of action alleging municipal liability were found to be legally deficient in other respects, warranting dismissal. Thus, the second element of claim preclusion is satisfied as to the municipal defendants.

The final element of claim preclusion is also satisfied. To the extent any of the claims presently alleged in plaintiff's complaint are not identical to those raised in his former action, "courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, or, in other words, whether facts essential to the second suit were present in the first suit." *Jesus Manuel Funcia a/k/a Manuel J. Funcia v. NY Stock Exchange NYSE Group,* No. 19-CV-10718, 2020 WL 264327, at *3 (S.D.N.Y. Jan. 16, 2020) (internal citations omitted). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates*, *LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted). Without question, the two lawsuits at issue arise from the same allegedly unconstitutional conduct transpiring on October 20, 2016.

This action is therefore barred under the doctrine of *res judicata*. "When an *informa pauperis* action is *res judicata*, it fails to state a claim upon which relief may be granted and thus § 1915(e)(2)(B) compels its dismissal." *Orr v. U.S. Air Force,* No.

6:15-CV-1132 (GTS/TWD), 2015 WL 6671559, at *5 (N.D.N.Y. Oct. 30, 2015) (quoting *Lopez v. Jet Blue Airways*, No. 12–CV–0057, 2012 WL 213831, at *1 (E.D.N.Y. Jan.24, 2012)). Therefore, the court recommends that Plaintiff's complaint against defendants Oneida County and the City of Utica be dismissed with prejudice, pursuant to § 1915(e)(2)(B)(ii).

### B.     ADA Laurie Lisi and Detective Rizvonavic - Statute of Limitations

At all times relevant to this matter, defendants ADA Lisi and Detective Rizvonavic were government employees.  Nevertheless, as seen from the complaint, they have been sued in their individual, not official, capacities, and therefore do not enjoy privity with their respective municipal employers for purposes of *res judicata. See Fabian v. Pappalardo*, 395 F. Supp. 3d 257, 264 (S.D.N.Y. 2019) (concluding that police officers sued in their individual capacities were not in privity with the City for purposes of *res judicata* analysis); *Stancuna v. Sherman*, 563 F. Supp. 2d 349, 353–54 (D. Conn. 2008) ("A government official sued in his or her personal capacity, however, is not considered in privity with the government.") (other citations omitted).

However, plaintiff's claims against ADA Lisi and Detective Rizvonavic are futile, because the applicable statutes of limitations have expired. Claims arising under 42 U.S.C. § 1983 are governed by New York's three-year statute of limitations for personal injury actions. *See Redd v. Leftenant,* 737 Fed. App'x 603, 604 (2d Cir. 2018) (citing *Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009)).  Here, plaintiff's claims against the individual defendants accrued on October 20, 2016, the date of the allegedly unconstitutional conduct.  Nevertheless, plaintiff did not file the present

complaint until December 3, 2019, over three years later.

Generally, the court will consider whether the statute of limitations should be equitably tolled.  However, equitable tolling is applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The party seeking equitable tolling must establish that extraordinary circumstances prevented him from filing the complaint on time, and that he acted with reasonable diligence throughout the period that he seeks to toll. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (citation omitted). The party seeking tolling bears the burden of proving diligence. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

This court has considered possible equitable tolling of the statute of limitations, and finds it has no basis in this action.  Clearly, the individual defendants' alleged involvement in the unconstitutional search and false imprisonment were known to the plaintiff well before the statute of limitations expired.  In fact, plaintiff identified ADA Lisi in his initial complaint in 19-CV-400, but failed to name her as a defendant at that time.  There is simply no reason for plaintiff to have waited this long to file an action against Detective Rizvonavic and ADA Lisi, particularly considering the numerous opportunities previously afforded him to do so.

"Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on § 1915(e)(2)(B) review even though the statute of limitations bar is an affirmative defense." *Kunz v. Brazill*, No. 6:14-CV-1471(MAD/TWD), 2015 WL 792096, at *5 n. 2 (N.D.N.Y. Feb. 25, 2015) (listing cases). Thus, I recommend that the

claims against ADA Lisi and Detective Rizvonavic be dismissed based on statute of limitations grounds.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) be **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** based on *res judicata* and statute of limitations grounds; and it is

**ORDERED**, that the Clerk serve a copy of this Order upon plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 22, 2020

Hon. Andrew T. Baxter
U.S. Magistrate Judge