**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LEONARD EUGENE**
**WEATHER,**

                    **Plaintiff,**                    **6:19-cv-1485**
                                                      **(GLS/ATB)**

          **v.**

**LAURIE LISI et al.,**

                    **Defendants.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Leonard Eugene Weather
_Pro Se_
17-B-1857
Elmira Correctional Facility
Elmira, NY 14902

**Gary L. Sharpe**
**Senior District Judge**

## <u>SUMMARY ORDER</u>

On January 22, 2020, Magistrate Judge Andrew T. Baxter issued an

Order and Report-Recommendation (R&R), which recommends dismissal

of plaintiff _pro se_ Leonard Eugene Weather's complaint on res judicata and

statue of limitations grounds.  (Dkt. No. 5.)  Weather has specifically

objected to the R&R, but "only in regards to dismissal of complaint against

[defendant] Detective [Rizvonavic] on grounds that complaint violates New York's three year statute of limitations for filing complaint under 42 [U.S.C.] § 1983." (Dkt. No. 6 at 1.)  In his objections, Weather also specifically asks for additional time to substantiate his claim that he is entitled to equitable tolling.  (*Id.* at 2.)  As discussed below, the R&R is adopted in part and rejected in part.

A court should not dismiss a complaint with prejudice on the basis of an anticipated statute of limitations defense without granting a *pro se* plaintiff notice and an opportunity to be heard.  *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (rejecting argument that plaintiff needs to plead facts in complaint to avoid affirmative defense).[1]  The R&R has arguably provided Weather with both adequate notice and an opportunity to be heard; indeed, Weather objects solely on the basis of equitable tolling in an effort to save his claim against Rizvonavic.  (Dkt. No. 6.)  In an abundance of caution, however, the court will allow Weather to further respond to the statute of

---

[1] In a recent decision, a sister court dismissed a *pro se* complaint that was time barred and did not grant leave to amend.  *See Hussain v. Yaqub*, 15-CV-2261, 2018 WL 4697275, at *1, *2 (E.D.N.Y. Sept. 30, 2018).  However, the decision seemingly ignored *Abbas*, 480 F.3d at 639-40, which controls.

limitations issue raised by Judge Baxter in the R&R. (Dkt. No. 5 at 8-10). That is, Weather may supplement his objections, as he requests, (Dkt. No. 6 at 2), in an effort to establishing equitable tolling. *See Victorial v. Burge*, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007) ("A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (internal quotation marks and citations omitted)). Weather should be mindful that he should address only the statute of limitations issue and not rehash old arguments or make new allegations.

As for the balance of the R&R, which recommends dismissal of all claims against defendants City of Utica, County of Oneida, and Laurie Lisi and to which Weather did not object, the court finds no clear error and adopts it. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

> **REJECTED** to the extent that it recommends dismissal on statute of limitations grounds against Rizvonavic; and

3

**ADOPTED** in all other respects; and it is further

**ORDERED** that all claims against City of Utica, County of Oneida, and Lisi are **DISMISSED**; and it is further

**ORDERED** that the Clerk terminate City of Utica, County of Oneida, and Lisi as defendants; and it is further

**ORDERED** that Weather shall supplement his arguments on the statute of limitations issue regarding his claims against Rizvonavic no later than thirty (30) days from the date of this Summary Order; and it is further

**ORDERED** that the clerk provide a copy of this Summary Order to Weather in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

February 20, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge